IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DENNIS BROWN, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| DEKALB COUNTY JAIL | :: | CIVIL ACTION NO. |
| SUPERINTENDENT et al., | :: | 1:12-CV-969-TWT-LTW |
| Defendants. | :: | |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and

any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the time period stated above.

**SO ORDERED** this 11 day of April, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DENNIS BROWN,<br>   Plaintiff, | :: <br> :: <br> :: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | :: <br> :: | |
| DEKALB COUNTY JAIL<br>SUPERINTENDENT et al.,<br>   Defendants. | :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:12-CV-969-TWT-LTW |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at the Dekalb County Jail in Decatur, Georgia (the "Jail"). Plaintiff, pro se, filed a complaint under 42 U.S.C. § 1983 against the "superintendent" of the Jail, a judge on the Dekalb County Superior Court, and a judge on the Cobb County Superior Court. (Doc. 1 at 1, 3.) Plaintiff also filed a motion to appoint counsel. (Doc. 3). The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now ready for screening under 28 U.S.C. § 1915A.

Federal courts must screen a prisoner's complaint against governments or government officials to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the alleged facts do not state a plausible claim for relief. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United

States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

Plaintiff's complaint is far from a model of clarity, but he appears to complain about his current and former criminal prosecutions in the superior courts of Dekalb County and Cobb County. (Doc. 1 at 3-5.) Plaintiff alleges that the Jail Superintendent is unlawfully holding him under a bench warrant issued for his failure to appear for a court proceeding in Dekalb County before Defendant Judge Berry. (*Id.*) That proceeding may have related to a forgery charge in 2007, which Plaintiff contends was not supported by probable cause. (*Id.*) It is unclear if Plaintiff was convicted of the forgery or other crimes. (*Id.*) Plaintiff also references court proceedings in Cobb County before Defendant Judge Grubbs and an apparent trial in that court scheduled for March 30, 2012. (*Id.*) Finally, Plaintiff appears to complain that his current criminal case(s) are not proceeding quickly enough and, thus, that he is being falsely imprisoned. (*Id.*) Plaintiff seeks release from the Jail and three million dollars for violation of his constitutional rights. (*Id.* at 4.)

When a plaintiff's state criminal proceedings are in progress, abstention principles generally prohibit federal courts from granting relief that interferes with the state prosecution. *Younger v. Harris*, 401 U.S. 37, 41 (1971). Federal interference with a state criminal prosecution is not warranted unless there is: (1) great, immediate, and irreparable injury that cannot be addressed by a defense to the criminal prosecution; (2) repetitive and abusive prosecution; or (3) prosecution under a statute that flagrantly

violates the Constitution. *Id.* at 46, 53-54. Plaintiff's allegations do not support a finding that any of the exceptions to abstention are warranted here. Plaintiff has not alleged that he is being prosecuted under an unconstitutional statute, and his allegations do not support a finding of irreparable injury or that his defenses to the prosecution cannot be addressed in the state case(s).

Moreover, claims regarding speedy trial rights or a claim for release from allegedly unlawful confinement should be raised in a petition for a writ of habeas corpus after exhausting state remedies, not in a civil rights action under § 1983. *See* 28 U.S.C. § 2254(b)(1) (requiring exhaustion of state remedies as a prerequisite to habeas relief from state custody); *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). If Plaintiff's current confinement is illegal and warrants relief now, at least two remedies are available to him under Georgia law. First, "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus [from Georgia courts] to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). Second, a criminal defendant who believes there have been irregularities in his criminal case may seek a writ of mandamus from Georgia courts. O.C.G.A. § 9-6-20; *see also Clark v. State*, 578 S.E.2d 184, 186 (Ga. Ct. App. 2003) (pre-trial interlocutory appeal of denial of motion for speedy trial); *Howard v. State*, 399 S.E.2d 283 (Ga. Ct. App. 1990) (pre-trial interlocutory appeal of bail decision). There is no indication that Plaintiff has pursued

any of those state remedies.

Aside from the potential interference with his pending criminal case, Plaintiff's claim for damages against the judges is not viable for at least two reasons. First, any claim that a current criminal prosecution against Plaintiff is malicious is not yet ripe. Malicious prosecution claims do not accrue until (or unless) the criminal charges against the plaintiff, including any conviction, are fully resolved in his favor. *Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994); *Uboh v. Reno*, 141 F.3d 1000, 1002-04 (11th Cir. 1998). Plaintiff does not allege that any criminal charges have been resolved in his favor.[1] Second, judges are absolutely immune from a suit for damages challenging their performance of functions associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004). Plaintiff's allegations relate to the two defendant judges' performance of their judicial functions in his state criminal cases. The judges are therefore immune from relief on Plaintiff's claims, and the claims must be dismissed under § 1915A.

Finally, because the Court cannot interfere in Plaintiff's pending state criminal prosecution and his § 1983 claims are not viable, there is no need to appoint him counsel in this case. Plaintiff also has not shown the exceptional circumstances required for

---

[1] As noted above, it is unclear from Plaintiff's allegations whether he asserts claims regarding prior criminal convictions. If Plaintiff does, he cannot obtain relief under § 1983 on those claims because he has not alleged that any such convictions have been expunged, set aside, or otherwise resolved in his favor. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Heck*, 512 U.S. at 487.

appointment of counsel in a civil action. *See Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A. Plaintiff's motion to appoint counsel [3] is **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 12 day of April, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE